# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 5:22-cr-00046-4

HASSAN ABDULLAH.

## MEMORANDUM OPINION AND ORDER

On March 24, 2023, the Court continued sentencing and directed the parties to file briefs regarding Defendant Hassan Abdullah's objection to application of the specific offense characteristic in U.S.S.G. § 2K2.1(b)(4). [Doc. 702]. Specifically, the Court instructed the parties to address whether the specific offense characteristic may properly be applied in light of *N.Y. State Rifle & Pistol Ass'n Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and *United States v. Price*, No. 2:22-cr-00097, 2022 WL 6968457 (S.D. W. Va. Oct. 12, 2022). [Doc. 702]. The matter is ready for adjudication.

### I.

On July 19, 2022, Mr. Abdullah was named in two counts of a five-count superseding indictment, charging him with Conspiracy to Travel Interstate with the Intent to Engage in Dealing Firearms Without a License, in violation of 18 U.S.C. § 371 ("Count One"), and Travelling Interstate with the Intent to Engage in Dealing Firearms Without a License, in violation of 18 U.S.C. §§ 2 and 924(n) ("Count Three"). [Doc. 379]. Pursuant to a plea agreement, Mr. Abdullah pleaded guilty to Count Three on October 28, 2022. [Docs. 525-27].

Following preparation of a presentence investigation report ("PSR"), Mr. Abdullah objected to application of the specific offense characteristic contained in U.S.S.G. § 2K2.1(b)(4)(B), which increases the offense level by 4 levels "[i]f any firearm . . . had an altered or obliterated serial number." [Doc. 672 at 3-8]. While Mr. Abdullah raised various factual challenges to the enhancement, the Court directed briefing on his constitutional challenge under *Bruen*. *Id.* at 6-8. The Government urges the Court to overrule this objection, contending that *Bruen* is inapplicable to sentencing enhancements and, alternatively, that U.S.S.G. § 2K2.1(b)(4)(B) is consistent with the Second Amendment. [Doc. 712]. Mr. Abdullah further filed a reply in support of his objection. [Doc. 728].

## II.

U.S.S.G. § 2K2.1(b)(4)(B) and 18 U.S.C. § 924(k) both address the alteration or obliteration of serial numbers on firearms. While the Court acknowledges that *Price* held § 924(k) unconstitutional following *Bruen*, § 924(k) criminalizes conduct whereas § 2K2.1(b)(4)(B) only increases the advisory punishment for certain firearms offenses. In other words, when done in conjunction with a criminal offense, the Sentencing Guidelines consider altering or obliterating serial numbers to be an appropriate aggravating factor for a court to consider in fashioning a sentence. Accordingly, even following *Price* and assuming § 924(k) is unconstitutional, as the Government points out, the Guidelines may still properly consider the alteration or obliteration of serial numbers as they do numerous other innocent actions.

For example, in child exploitation cases, the advisory punishment may be increased if the offense involves the use of a computer or an interactive computer service. U.S.S.G. §§ 2G2.1(b)(6)(B) and 2G2.2(b)(6). Similarly, other specific offense characteristics increase the

advisory punishment for such offenses if the defendant was a parent of the child, *id.* § 2G2.1(b)(5) or misrepresented his identity, *id.* § 2G2.1(b)(6)(A). In the drug trafficking context, the advisory punishment likewise may be increased if the defendant used an interactive computer system to mass-market the controlled substance. *Id.* § 2D1.1(b)(7).

In addition to actions that would not otherwise be criminal, sentencing courts are also permitted to consider conduct underlying an offense from which the defendant was acquitted. *See United States v. Watts*, 519 U.S. 148, 157 (1997) ("We therefore hold that a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence."); *United States v. Davis*, 918 F.3d 397, 405 (4th Cir. 2019). Sentencing courts may further consider evidence obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), provided such evidence is reliable. *United States v. Nichols*, 438 F.3d 437, 443 (4th Cir. 2006).

Consequently, because a sentence may be based on conduct that cannot form the basis of a criminal conviction, the Court **OVERRULES** Mr. Abdullah's objection that application of the specific offense characteristic contained in U.S.S.G. § 2K2.1(b)(4)(B) is unconstitutional under *Bruen*.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to the Defendant and his counsel, the United States Attorney, and the United States Probation Officer.

ENTER: April 27, 2023

Frank W. Volk
United States District Judge